**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION**

| | |
|---|---|
| KULWINDER SINGH MANGAT,<br><br>　　　　　Plaintiff,<br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>　　　　　Defendant. | **Case No.: 2:25-cv-02367-RSM**<br><br><br>**JOINT STATUS REPORT AND DISCOVERY PLAN** |

Pursuant to Fed. R. Civ. P. 26(f) and this Court's Order Regarding FRCP 26(f) Conference, Initial Disclosures, and Joint Status Report (ECF No. 12), the parties hereby submit their Joint Status Report and Discovery Plan for the Court's review and consideration:

**1. A statement of the nature and complexity of the case.**

Plaintiff's statement: Plaintiff brings this action on an individual basis against Bank of America, N.A. ("Bank of America") for violations of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693 et seq.

On or about June 12, 2025, Plaintiff was notified by Defendant that a joint savings account had been opened in his name with an unknown individual, later identified as fraudster Sophia R. Sheik, and that $21,600 had been electronically transferred the same day from Plaintiff's checking account ending in *6386 into that fraudulent account ending in *0856, and then immediately diverted to a third-party account belonging to Ryan Alexander Lee Powell. Plaintiff promptly informed Defendant that he did not authorize the account opening or transfers and that the activity was fraudulent. Defendant failed to stop or reverse the transfer.

On June 13, 2025, Plaintiff formally disputed the unauthorized transactions at a local branch. Defendant acknowledged the dispute (Claim No. 12JUN2025-280937) but failed to

1

provide provisional credit and failed to complete its investigation within ten business days, in violation of 15 U.S.C. § 1693f(a). Defendant denied the dispute on June 26, 2025, asserting— without evidence— that the transfers originated from a "recognized device" or IP address. Plaintiff never authorized the transfers, never lost control of any device, and Defendant produced no logs, IP data, or technical evidence to support its conclusion, thereby failing to meet its burden under 15 U.S.C. § 1693g(b).

Plaintiff submitted a second dispute on July 17, 2025, again contesting both the fraudulent joint account and the unauthorized transfers. Defendant summarily closed the claim the same day, stating it was "unable to verify unauthorized activity," improperly shifting the statutory burden of proof. Plaintiff filed a police report on July 18, 2025 (Mill Creek PD Report No. MC25-071825), which identified Sophia R. Sheik as the suspected fraudster. Plaintiff later provided Defendant with corroborating documentation, including IP verification, proof of residence, identification, and police records. The IP address used for the fraudulent transfers—50.35.94.15—was not associated with Plaintiff and disproved Defendant's "recognized device/IP" assertion.

Despite this evidence, Defendant issued final denials on August 26, 2025, again without producing any supporting investigative data. On September 4, 2025, law enforcement confirmed that the fraudster opened the joint account, transferred the $21,600 without authorization, and diverted the funds to a third party. On September 18, 2025, the fraudster was charged with Theft in the First Degree. Plaintiff reopened his dispute on September 20, 2025, providing the updated police findings, but Defendant failed to respond, recredit the funds, or issue any investigation results.

As a direct result of Defendant's violations of the EFTA, Plaintiff suffered out-of-pocket losses of at least $21,600, loss of access to essential funds, and substantial financial and emotional

harm.

Defendant Bank of America: BANA denies that any statutory violation occurred. BANA also asserts that Defendant's investigation into the alleged unauthorized transaction was timely, done in good faith, and that its conclusions as a result of the investigation were reasonable. Further, BANA's investigations and notifications to Plaintiff of its decision were at all times timely and in conformity with its obligations under the EFTA and all applicable laws. Further, on or about October 29, 2025, Defendant recredited the disputed funds into Plaintiff's account and thus Plaintiff has suffered no discernable damages.

2. **A proposed deadline for the joining of additional parties. <u>May 6, 2026</u>**

3. **The parties have the right to consent to assignment of this case to a full time United States Magistrate Judge, pursuant to 28 U.S.C. §636(c) and Local Rule MJR 13, to conduct all proceedings. The Western District of Washington assigns a wide range of cases to Magistrate Judges. The Magistrate Judges of this district thus have significant experience in all types of civil matters filed in our court. Additional information about our district's Magistrate Judges can be found at www.wawd.uscourts.gov. The parties should indicate whether they agree that the Honorable Brian A. Tsuchida may conduct all proceedings, including trial and the entry of judgment. When responding to this question, the parties should only respond "yes" or "no." Individual party responses should not be provided. A "yes" response should be indicated only if all parties consent. Otherwise, a "no" response should be provided.**

Parties' response: "No"

4. **A discovery plan that states, by corresponding paragraph letters (A, B, etc.), the parties' views and proposals on all items in Fed. R. Civ. P. 26(f)(3), which includes the following topics:**

   **A. Initial Disclosures**

   The parties exchanged initial disclosures on **<u>February 12, 2026</u>** pursuant to the Court's order.

   **B. Subject, timing, and potential phasing of discovery**

   The parties propose an all-discovery deadline of **<u>January 4, 2027</u>**. The parties intend to conduct discovery into the factual bases for Plaintiff's claims and the Defendant's defenses. The

3

parties will conduct discovery according to the Federal Rules of Civil Procedure and the Local Civil Rules of the Western District of Washington. The parties also agree to work cooperatively to resolve any disputes regarding the scope or extent of discovery. The parties agree that discovery should not be conducted in phases.

### C. Electronically stored information

Discovery may encompass electronically stored information ("ESI"). The parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control. Each party shall conduct diligent searches of all reasonably accessible sources which it has reason to believe may contain ESI responsive to the opposing party's discovery requests. The parties acknowledge, further, that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable. The parties have discussed the production of ESI and have not agreed on a specific limit of the scope of production. Should any dispute concerning ESI arise during the pendency of this matter, the parties have agreed to meet and confer before seeking intervention from the Court.

The parties will produce ESI in unitized, fixed image format (e.g., .pdf or .tif) with accompanying text. Plaintiff wishes to reserve the right to redact from his ESI individually identifiable medical or health related information, the production of which may be governed or limited by federal or state statute.

The parties do not anticipate any issue regarding electronically stored information. Plaintiff and Defendant shall serve any Requests for Production pursuant to Fed. R. Civ. P. 34. Plaintiff and Defendant shall respond in good faith, producing such hard copy and electronic documents as it locates through a reasonable search. If after a reasonable review of the production, Plaintiff or any

4

Defendant determine, in good faith, that additional information is needed, the parties will discuss the specific information sought and attempt to reach agreement on a search method to determine if the information sought can be located or confirmed not to exist. If the parties cannot reach an agreement, Plaintiff or any Defendant may raise the issue with the Court through a request for discovery conference, a motion to compel, or a motion for protective order.

The parties agree that if a receiving party believes that privileged or protected material may have been inadvertently disclosed or produced, said party will advise the producing party and proceed as required if such party asserts inadvertent disclosure. The parties agree that the recall, sequester, or return of any privileged or protected material is without waiver of the right to contest the claim of privilege or protection. The parties agree the mere fact of an inadvertent disclosure is not sufficient to waive any claim of privilege or protection. Before any party makes a motion to compel or challenges the claim of privilege, protection, or inadvertence of production or disclosure, the parties shall meet and confer regarding the challenge and attempt to find a way to resolve the dispute. The parties intend for their agreement to be considered an order pursuant to Federal Rule of Evidence 502(d).  The parties agree that the standard Federal Rule of Evidence 502(b) applies to resolve any dispute about the inadvertence of a production or disclosure.

### D.  Privilege issues

The parties are currently not aware of any issues relating to claims of privilege. The parties have agreed that they need not identify or include on any privilege log attorney client communications or work product related specifically to this lawsuit. Any party that otherwise withholds information from discovery on the basis of privilege shall do so consistent with the Federal Rules of Civil Procedure.

The parties agree that none of their discovery requests should be interpreted as requesting

disclosure of attorney-client privileged documents unless the request specifically states that the request also seeks "privileged documents" or words to that effect.

The parties agree that, given the rest of their agreements regarding privilege, if a party believes that a privilege log must be provided in response to discovery requests it has served, it will alert the other party of the contention and its basis and the parties will meet and confer regarding the issue. As a result, the Parties agree that neither party will be deemed to have waived privilege for not producing a privilege log with their initial discovery responses alone.

### E.  Proposed limitations on discovery

The parties will conduct discovery pursuant to the Federal Rules of Civil Procedure and any limitations set forth in such rules.

### F.  The need for any discovery related orders

The parties anticipate that there will be a need for some discovery in this case to be governed by a protective order. The parties shall confer and then submit a jointly proposed protective order to the Court. The jointly proposed protective order shall include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c). If the parties disagree concerning the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum.

5. **The parties' views, proposals, and agreements, by corresponding paragraph letters (A, B, etc.), on all items set forth in Local Civil Rule 26(f)(1), which includes the following topics:**

### A.  Prompt case resolution

The parties expect to engage in early settlement discussions after some initial discovery. The parties anticipate that they will file dispositive motions should the parties be unable to reach

6

an early settlement.

**B.  Alternative dispute resolution**

The parties do not agree to proceed with ADR at this time, but the parties will reconsider ADR if they are unable to resolve the action informally.

**C.  Related cases**

There are no related cases pending before other courts or other judges of this District.

**D.  Discovery management**

The parties will conduct discovery according to the Federal Rules of Civil Procedure and the Local Rules of the Western District of Washington and Section 4(a) (f). The parties will work cooperatively with respect to any discovery that may be needed or conducted.

**E.  Anticipated discovery sought**

The parties anticipate seeking discovery on the issues of liability, causation, damages, and affirmative defenses. The parties intend to depose all parties in this matter as well as relevant witnesses. The parties will issue interrogatories, requests for production or inspection of documents, and requests for admissions. The parties may issue subpoenas.

**F.  Phasing of motions**

The Parties are not proposing phasing at this time.

**G.  Preservation of discoverable information**

The parties do not anticipate any issues preserving discovery information.

**H.  Privilege issues**

There are currently no issues relating to claims of privilege. The parties have agreed that they need not identify or include on any privilege log-attorney-client communications or work product related specifically to this lawsuit. Any party that otherwise withholds information from discovery on the basis of privilege shall do so consistent with the Federal Rules of Civil Procedure.

The parties agree to return any inadvertently disclosed privileged information or work product to the disclosing party and further agree that such inadvertent disclosure will not constitute waiver of any privilege.

Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

Parties shall confer on an appropriate non-waiver order under Fed. R. Evid. 502. Until a non-waiver order is entered, information that contains privileged matter or attorney work product shall be immediately returned to the producing party (i) if such information appears on its face that it may have been inadvertently produced or (ii) if the producing party provides notice within 15 days of discovery by the producing party of the inadvertent production.

### I.   Model Protocol for Discovery of ESI

The parties agree that pursuant to Rules 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email to the email address(es) listed below (or any updated email address provided to all counsel of record). The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf).  If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

| **Party** | **Email Service Address(es)** |
|---|---|
| Plaintiff Kulwinder Singh Mangat | Michael Brubaker (michael@brubakerlawgroup.com) <br> Meir Rubinov (mrubinov@consumerattorneys.com) <br> Irina Iakovleva (iiakovleva@consumerattorneys.com) <br> Ann Stevenson (astevenson@consumerattorneys.com) <br> Maria Kaminsky (mkaminsky@consumerattorneys.com) |
| Defendant Bank of America, N.A. | Jesús Miguel Palomares (jesus.palomares@millernash.com) <br> Sarah Chicoine (sarah.chicoine@millernash.com) <br> Daniel J. Oates (dan.oates@millernash.com) |

| | Edgar Rosales (edgar.rosales@millernash.com)<br>Anna Sier (anna.sier@millernash.com)<br>Jennifer Schnarr (jennifer.schnarr@millernash.com) |

### J. Alternatives to Model Protocol

None at this time.

6. **The date by which discovery can be completed. <u>January 4, 2027</u>**

7. **Whether the case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way.**

The parties do not believe that the case should be bifurcated.

8. **Whether the pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k), and 16.1 should be dispensed with in whole or in part for the sake of economy.**

The parties do not recommend waiving the pre-trial statement and pre-trial order called for by

the Local Civil Rules.

9. **Any other suggestions for shortening or simplifying the case.**

None at this time.

10. **The date the case will be ready for trial. The Court expects that most civil cases will be ready for trial within a year after filing the Joint Status Report and Discovery Plan.**

The parties anticipate the case will be ready for trial by **<u>May 2027</u>**.

11. **Whether the trial will be jury or non−jury.**

Plaintiff requests a jury trial.

BANA contends Plaintiff waived a jury trial under the controlling Deposit Agreement

12. **The number of trial days required.**

The parties anticipate the trial to last 3-4 days.

13. **The names, addresses, and telephone numbers of all trial counsel.**

<u>Plaintiff's Trial Counsel:</u>
Meir Rubinov
CONSUMER ATTORNEYS

68-29 Main Street
Flushing NY 11367
T: 718-640-8123

Michael Brubaker
14506 NE 184th Place
Woodinville, WA 98072
(T): (206) 335-8746

Defendant Bank of America, N.A. Trial Counsel:

Jesús Miguel Palomares
Daniel J. Oates
Sarah Chicoine
Miller Nash LLP
605 5th Ave. S., Suite 900
Seattle, WA 98104
Tel: (206) 624-8300
Email: dan.oates@millernash.com
jesus.palomares@millernash.com
sarah.chicoine@millernash.com

**14. The dates on which the trial counsel may have complications to be considered in setting a trial date.**

None at this time for Plaintiff.

**15. If, on the due date of the Report, all defendant(s) or respondents(s) have not been served, counsel for the plaintiff shall advise the Court when service will be effected, why it was not made earlier, and shall provide a proposed schedule for the required FRCP 26(f) conference and FRCP 26(a) initial disclosures.**

All parties have been served.

**16. Whether any party wishes a scheduling conference before the Court enters a scheduling order in the case.**

The parties do not request a conference with the court prior to the entry of the scheduling order.

**17. List the date(s) that each and every non−governmental corporate party filed its disclosure statement pursuant to Fed. R. Civ. P. 7.1 and Local Rule 7.1.**

Defendant Bank of America: Defendant filed its disclosure statement on January 20, 2026.

Dated: February 19, 2026

*/s/ Meir Rubinov*
Meir Rubinov, NY Bar # 6077887
*Admitted Pro Hac Vice*
CONSUMER ATTORNEYS
68-29 Main Street
Flushing NY 11367
T: 718-640-8123
F: (718) 247-8020
E: mrubinov@consumerattorneys.com

*/s/ Michael Brubaker*
Michael Brubaker, WSBA #49804
Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(T): (206) 335-8746
(E): michael@brubakerlawgroup.com

*Attorneys for Plaintiff,*
*Kulwinder Singh Mangat*

*/s/ Jesús Miguel Palomares*
Jesús Miguel Palomares, WSBA No. 51858
Sarah Chicoine, WSBA No. 58487
Daniel J. Oates, WSBA No. 39334
605 5th Ave S, Ste 900
Seattle, WA 98104
Tel: 206.624.8300
Email: jesus.palomares@millernash.com
sarah.chicoine@millernash.com
dan.oates@millernash.com

*Attorneys for Defendant*
*Bank of America, N.A.*

11

12

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2026, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter.

/s/ Ann Stevenson